**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Gerald Lee W.,<br>Plaintiff(s),<br>v.<br>Social Security Administration,<br>Defendant(s). | Case No. 2:26-cv-02820-NJK<br>**Order** |

A party seeking judicial review of a final decision by the Commissioner of Social Security must file suit "in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia." 42 U.S.C. § 405(g). When a case has been filed in the wrong district, the Court may dismiss the case or, if it be in the interest of justice, transfer the case to the district in which it could have been brought. 28 U.S.C. § 1406(a).

Plaintiff brings this case against the Social Security Administration regarding the denial of his social security benefits. *See* Docket No. 1-1 at 8; *see also* Docket No. 1-2 (civil cover sheet with description of cause of action as "Denial of SSI Claims").[1] Plaintiff provides a mailing address in Southern California and likewise alleges that the lawsuit arose in Orange County. *See* Docket No. 1-1 at 1, 2. Plaintiff also checked a box, however, that he lives in this District. *Id.* at 2. Given the above circumstances, the Court ordered Plaintiff to file a notice stating clearly where he resides. Docket No. 3. The Court warned that failing to file that notice may result in transfer or dismissal of this case. *Id.* at 1. The subject deadline has expired and Plaintiff violated that order.

---

[1] The allegations in the complaint are sparse and unclear, but the Court construes Plaintiff's claims liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Given Plaintiff's failure to show that his case was properly filed in this District, this case is hereby **DISMISSED** without prejudice.[2] The Clerk's Office is **INSTRUCTED** to close this case.

IT IS SO ORDERED.

Dated: October 14, 2026

Nancy J. Koppe
United States Magistrate Judge

[2] Although in some instances the Court may exercise its discretion to transfer a case filed in the wrong district, Plaintiff's case here has other problems, too. The complaint fails to provide a short and plain statement of claim. *See* Fed. R. Civ. P. 8. It is not clear, for example, that Plaintiff exhausted his administrative remedies. It also appears that Plaintiff's case is predicated on a theory that he did not obtain benefits while incarcerated, *see* Docket No. 1-1 at 7, which seems unlikely to be viable, *see* 42 U.S.C. § 402(x)(1)(A)(i) (excluding from social security benefits persons confined in jail, prison, or other penal institution or correctional facility). Moreover, as explained above, Plaintiff violated the order requiring him to identify clearly his place of residence. Plaintiff's refusal to comply with the Court's order is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Dismissal is appropriate given that Plaintiff refused to comply with the order despite the warning that case-dispositive sanctions may be imposed. Given the circumstances, the Court does not find it to be in the interest of justice to transfer the case to the Central District of California.